UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW W. KELLEY,

    Plaintiff,

v.                                                       Case No: 6:17-cv-1635-Orl-40TBS

DEUTSCHE BANK TRUST COMPANY
and ALTISOURCE SOLUTIONS, INC.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Altisource Solutions, Inc.'s response (Doc. 23) to an Order to Show Cause why the Court should not decline to exercise its jurisdiction over the purely state law claims presented in Plaintiff's amended complaint (Doc. 17). Upon due consideration, I respectfully recommend that the Court decline to exercise supplemental jurisdiction over all claims in the amended complaint, and that this case be remanded to the state court.

## Background

This action presents a dispute over real property located at 380 Grant Road, Valkaria, Brevard County, Florida. On August 3, 2017, Plaintiff filed a complaint for "Fair Debt Violations, Trespass and Injunctive Relief" in state court (Doc. 2). The complaint was served on Defendant Deutsche Bank Trust Company ("the Bank") on August 14, 2017 (Doc. 1-2 at 34). On August 24, 2017, the Bank filed a motion for extension of time to answer (Doc. 3). While that motion was pending in state court, Defendant Altisource Solutions, Inc. ("Altisource") filed a notice of removal to this Court (Doc. 1). The basis for removal was federal question jurisdiction, as Plaintiff's complaint included a claim under

the Fair Debt Collections Practices Act ("FDCPA") (Doc. 1). The removal notice did not reflect that the Bank consented to the removal.

On September 15th, two days after removal, Plaintiff filed an amended complaint which omits the FDCPA claim (Doc. 7).

On September 21st, Plaintiff moved for entry of clerk's default against the Bank (Doc. 13), which I denied as Plaintiff had served an amended complaint and the time for response had not yet expired (Doc. 17). In that Order, I observed that the basis for removal was federal question jurisdiction arising from the claim under the FDCPA. I also observed that this claim was no longer in the case and consequently, no basis for federal subject matter jurisdiction is pled. "To the extent this Court properly obtained subject matter jurisdiction by virtue of the original complaint and there exists no independent basis for exercising jurisdiction over the amended complaint," the parties were ordered to show cause why the Court should not decline to exercise its jurisdiction over the purely state law claims presented in the amended complaint (Doc. 17). The only party to file a timely response is Altisource (Doc. 23).

The Bank has filed an answer and affirmative defenses to the amended complaint (Doc. 18). Among other things, the Bank alleges that the proper Defendant is "Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QA3." (Id., n. 1).

On October 10, 2017, Altisource filed an amended notice of removal (Doc. 25) directed to the now superseded complaint. Now, Altisource asserts that the Court has diversity jurisdiction.

## Discussion

Removal to federal court is governed by 28 U.S.C. § 1441(a), which provides that

"[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Here, removal of the complaint was arguably appropriate (save for the lack of a showing of consent by the Bank) as Plaintiff had pled a federal question.

The first issue is the application of 28 U.S.C. §1367(c)[1] to the amended complaint, which does not contain a federal claim. Altisource acknowledges the absence of a federal claim but argues that "with the consent and approval of co-defendant ... [it] has now filed an Amended Notice of Removal ... which requests the Court to invoke diversity jurisdiction." (Doc. 23, ¶5). I am not persuaded by this argument. Neither of Plaintiff's complaints establishes diversity as an independent basis for jurisdiction. And, I find no compelling reason to retain jurisdiction over what is now a purely state law dispute.

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. See Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Plaintiff has alleged that he is a Brevard County "resident" (Doc. 2, ¶3; Doc. 7,¶3); Altisource is "a

---

[1] Under 28 U.S.C. §1367(c):
    (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
        (1) the claim raises a novel or complex issue of State law,
        (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
        (3) the district court has dismissed all claims over which it has original jurisdiction, or
        (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Georgia based company" (Doc. 2, ¶4; Doc. 7, ¶4); and the Bank is included in the case style as "a foreign profit corporation." These allegations are insufficient to establish jurisdiction.

As this Court knows, residence and citizenship are not the same thing. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989); see also McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (domicile requires both residence in a state and "an intention to remain there indefinitely...." Id. at 1258) (internal quotation marks omitted). Plaintiff's allegations are insufficient to establish his citizenship.

For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship). Plaintiff's allegations do not provide sufficient information to ascertain the citizenship of either Defendant.

In its removal papers and response to the show cause Order, Altisource represents that it is a corporation formed in Delaware with its principal place of business in Georgia. Fair enough. As for the Bank, Altisource states: "According to the Federal

Financial Institutions Examination Council, CODEFENDANT DEUTSCHE BANK's main address is 20000 Avenue of the Stars, Los Angeles, California." (Doc. 25 at 5, citing Doc. 25-2). This is plainly insufficient. Moreover, the Bank has affirmatively alleged that the proper Defendant is Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QA3. The Certificate of Title attached to the Amended Notice of Removal states that the address of this entity is "1661 Worthington Road West Palm Beach Florida 33409." (Doc. 92-3). To the extent the true party in interest is a real estate investment trust or similar creature of state law, it may be that diversity jurisdiction is predicated on the citizenship of all of its members. See Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016, 194 L.Ed. 2d 71 (2016) (concluding that for purposes of diversity jurisdiction, real estate investment trust's members determined its citizenship and its members included its shareholders); see also Westgate Resort, Ltd. v. Sussman, No. 617CV1467ORL37DCI, 2017 WL 3524315, at *2 (M.D. Fla. Aug. 16, 2017) (explaining that the nature of a trust must be set forth in order to evaluate diversity). On the present record, the citizenship of the Bank/Trust cannot be established and diversity is not shown.

Even if the Court were to assume that the parties are diverse, Altisource has not shown that the amount in controversy requirement has been met. Altisource argues that Plaintiff "has implicitly acknowledged the $75,000 jurisdiction threshold for damages" by filing the amended complaint in federal court. This argument is insupportable, as subject matter jurisdiction is conferred and defined by statute and "cannot be created by the consent of the parties." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

The amended complaint seeks unspecified damages for alleged trespass, violations of the Florida Consumer Collection Practices Act, and negligence. Nothing alleged by Plaintiff in these counts supports a finding that the amount in controversy is $75,000 or more.[2] Thus, I conclude that there is no basis for the exercise of diversity jurisdiction over this matter.

Under 28 U.S.C. § 1367, district courts may decline to exercise jurisdiction over supplemental claims in certain circumstances, including when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(b). In Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the Supreme Court listed various factors for courts to consider when evaluating whether to retain or decline jurisdiction over supplemental claims. 484 U.S. at 350, 108 S.Ct. 614. These factors include "the values of judicial economy, convenience, fairness, and comity." Id. Notably, the Court observed that "[w]hen the balance of these factors indicates that a case properly belongs in state court, *as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain*, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Id. (emphasis added). I find this to be the case here. See, e.g., Hadar v. Broward Cty., 692 F. App'x 618, 624 (11th Cir. 2017) ("Because Hadar's sole federal-law claim had dropped out of the lawsuit in its early stages and only state-law claims remained, the court properly declined to exercise jurisdiction by dismissing the remaining claims without prejudice.").

---

[2] Likewise, I reject Altisource's contention that the Court should look to the value of the land to determine amount in controversy. Although Altisource contends that "the heart of this case is about obtaining both parcels of land," this is not a quiet title action. Too, Altisource asserts that Plaintiff purchased parcel ID 29-37-27-00-509.1 at a tax deed sale for the sum of $25,100. Thus, even if the value of the land was considered, it is well under the required minimum for jurisdictional purposes.

As this matter now presents solely with state law claims and the case is in its infancy, I conclude that, considering the values of judicial economy, convenience, fairness, and comity, the matter belongs in state court. "When relinquishing jurisdiction, the district court must then choose whether to dismiss the remaining claims without prejudice or to remand the case to state court." <u>Hodges v. In Shape Health Clubs, LLC,</u> No. 2:17-CV-01274-JAM-DB, 2017 WL 4386052, at *2 (E.D. Cal. Oct. 3, 2017), citing <u>Carnegie-Mellon,</u> 484 U.S. at 351-52. As remand "will better accommodate these values than will dismissal of the case," <u>Carnegie-Mellon</u>, 484 U.S. at 351, I **respectfully recommend** that the Court remand this case to the Circuit Court in and for Brevard County, Florida.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 11, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties